# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF VIRGINIA
### CHARLOTTESVILLE DIVISION

| | |
|---|---|
| EBONY COSBY,<br><br>                              *Plaintiff,*<br>      v.<br><br>TRANSUNION LLC,<br><br>                              *Defendant.* | CASE NO. 3:23-cv-00004<br><br>ORDER<br><br>JUDGE NORMAN K. MOON |

    Plaintiff Ebony Cosby commenced this action against Defendant Transunion LLC by filing a *pro se* complaint as well as an application to proceed in *forma pauperis*. Dkts. 1, 2. The Court will grant the application to proceed in *forma pauperis* but dismiss the complaint without prejudice.

    The complaint fails to state a plausible claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B) (applicable to *in forma pauperis* proceedings); *Michau v. Charleston Cty.*, 434 F.3d 725, 728 (4th Cir. 2006) (stating that 28 U.S.C. § 1915(e) governs *in forma pauperis* filings . . . and permits district courts to, on their own motion, dismiss *in forma pauperis* complaints that are frivolous, malicious, or fail to state a claim). To state a claim, "[f]actual allegations must be enough to raise a right to relief above the speculative level," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), accepting all well pleaded factual allegations in the complaint as true and taking all reasonable inference in the plaintiff's favor, *Chao v. Rivendell Woods, Inc.*, 415 F.3d 342, 346 (4th Cir. 2005). A court need not accept as true "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement, . . . unwarranted inferences, unreasonable conclusions, or arguments." *Richardson*

*v. Shapiro*, 751 F. App'x 346, 348 (4th Cir. 2018) (quoting *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) (internal quotation marks omitted)). Courts are to construe the filings of *pro se* litigants liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1970), but nonetheless, a *pro se* complaint must state a plausible claim to relief, *see Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

Plaintiff alleges Defendant committed fraud, identity theft, misrepresentation, and defamation as well as violated her privacy. Dkt. 2 at 2. However, Plaintiff fails to allege sufficient facts to support these claims. *See generally Richardson*, 751 F. App'x at 348. She asserts she "did not give permission" for Defendant to use her "name or form any reports related to [her] business," but she does not allege how Defendant used her name in its reports or whether Defendant disseminated such reports to third parties. Dkt. 2 at 3. Additionally, she relies primarily on legal conclusions to support her claims. *See id.* (alleging Defendant defamed her character and caused her harm and damages); *id.* (providing Defendant's "Report and Score ha[ve] been the reason [she has] not been able to obtain goods and services which has stopped the flow of commerce"). Even with affording a liberal construction to Plaintiff's *pro se* pleading, Plaintiff fails to raise a right to relief above the speculative level. *See Bell Atl. Corp.*, 550 U.S. at 555.

Accordingly, Plaintiff's complaint, Dkt. 2, is **DISMISSED without prejudice** for failure to state a claim.

It is so **ORDERED**.

The Clerk of the Court is directed to send a certified copy of this Order to the parties.

Entered this  20th  day of January, 2023.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE